LEWIS BENEDICT *v.* SAMUEL DENTON AND SELAH B.
COLLINS.

The declarations of an agent, made at the time of doing an act within the scope of
his authority, and relating to the subject matter of the act, are evidence, as a part
of the *res gestæ;* but statements subsequently made by him are not, because the
latter are made without authority, and, for that reason, stand on the same footing
with the declarations of another person.

The seal of a corporation is, itself, *prima facie* evidence that it was affixed by proper
authority, and the contrary must be shown by the objecting party.

THIS was a bill to foreclose a mortgage. The facts suf-
ficiently appear in the opinion of the Court.

*J. Kingsley*, for complainant.

*O. Hawkins*, for defendants.

THE CHANCELLOR. The answer, which is not under
oath, sets up payment. The mortgage bears date Novem-
ber 10th, 1837, and was given by Denton to the Bank of
Washtenaw, to secure the payment to the bank of his
note of the same date, for $1,108.32, payable three months
after date, with interest. The note and mortgage, after
they became due, were assigned by the bank, under its
corporate seal, to complainant. The answer states that
the note and mortgage were given to secure the payment
of two drafts, drawn by N. J. Brown, on Denton, to pay
his share of certain notes given by Brown, Denton, and
Charles H. Van Dorn, for real estate purchased by them in
Wisconsin. That the drafts were sent by Brown, (who
then resided at Chicago,) to E. S. Cobb, cashier of the
Bank of Washtenaw, and were made payable at the bank;
and that, subsequently, Van Dorn paid the notes of Brown,

Denton, and Van Dorn.   To prove these facts we have the depositions of several witnesses ;—some of them testifying to the declarations of Cobb, who is dead.   These declarations of the cashier are objected to as evidence in the case, and must, I think, be excluded from the consideration of the Court.   The declarations of an agent, made at the time of doing an act, within the scope of his authority, and relating to the subject matter of the act, are evidence as a part of the *res gestæ* ; but statements subsequently made by him are not, because the latter are made without authority, and, for that reason, stand on the same footing with the declarations of any other person.   Cobb, it may be said, was the general agent of the bank ; that, as cashier, it was his duty to receive and pay out moneys for the corporation, and consequently to receive the amount due upon the mortgage, and that, therefore, any admission made by him as cashier, and while in the actual performance of his official duties, should be received as evidence. It is unnecessary to decide this point, as the facts testified to do not present it.   There is no evidence that Cobb ever did admit the note and mortgage were paid.   The conversations testified to by Brown, had nothing to do with the business of the bank, but related to Cobb's private affairs.   They are, therefore, clearly inadmissible.   If they were to be received as evidence, they would by no means establish, to my satisfaction, the payment of the note and mortgage.   Waiving all objection to the testimony, it seems to me too vague and indefinite, to prove a payment of the note and mortgage.   It is by no means so full and clear as it should be for that purpose.

It is said the cashier had no authority to transfer the note and mortgage.   The common seal of the corporation is affixed to the assignment, and the seal itself is *prima facie* evidence that it was affixed by proper authority ; and

the contrary must be shown by the objecting party. *Ang. & Ames on Corp.* 115. Corporations act by their common seal; and it is not to be presumed that the officer having charge of it has affixed it to an instrument, without authority. The presumption is that he had authority, until the contrary is shown.

I am of opinion that the production of the corporation books could have been compelled on a *subpœna duces tecum.* The corporation is not a party to the suit, and, by the production of its books, would not be furnishing evidence against itself, in any other sense than as assignor of a *chose in action,* who, not being a party to the suit, would be a good witness for defendant.

Reference to Master to compute amount due.